IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN A. PIET, BAR NO. 10717.

No. 82176

**FILED**

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney John A. Piet. Under the agreement, Piet admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), and RPC 8.1 (disciplinary matters). He agreed to a six-month suspension, stayed for one year, subject to certain conditions.

Piet has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-listed rules by failing to provide legal services related to a DUI matter for which his client had paid him a $3,000 retainer, failing to communicate with the client, and failing to respond to the State Bar's requests for information.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the

appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Piet admitted to knowingly violating duties owed to his client (diligence and communication) and to the profession (responding to State Bar inquiries). His client suffered actual injury because he was denied a job as he had an outstanding warrant against him related to the DUI matter he had retained Piet to handle. Additionally, his client was thereafter arrested on that warrant during a routine traffic stop. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The record supports the panel's findings of two aggravating circumstances (prior discipline and substantial experience in the practice of law) and one mitigating circumstance (absence of dishonest or selfish motive). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, commencing from the date of this order, we hereby suspend attorney John A. Piet from the practice of law in Nevada for six months, stayed for one year subject to the following conditions: (1) Piet shall obtain a mentor who shall submit quarterly reports to the State Bar, (2) Piet shall pay $3,000 in restitution, and (3) Piet shall "complete additional CLEs on diligent client representation and the importance of responding to the State Bar." Piet shall also pay the costs of the disciplinary proceedings,

including $2,500 under SCR 120, within 30 days from the date of this order, if he has not done so already. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ , J.
Parraguirre

_____ , J.
Stiglich

_____ , J.
Silver


cc:     Chair, Southern Nevada Disciplinary Board
        John A. Piet
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court